Order Form (01/2005) Case: 1:10-cv-04093 Document #: 228 Filed: 10/13/11 Page 1 of 2 PageID #:1997

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4093 | **DATE** | 10/13/2011 |
| **CASE TITLE** | | | |

**DOCKET ENTRY TEXT**

Plaintiff Kitchen's motion [201] to amend his complaint is granted..

■[ For further details see text below.]                                     Notices mailed by Judicial staff.

## STATEMENT

    Kitchen has moved to amend his original complaint, seeking to add factual allegations regarding defendants Byrne and Lukanich, who had earlier been dismissed from the complaint. Federal Rule of Civil Procedure 15(a) sets forth a liberal standard for allowing plaintiffs to amend their complaints. "In the absence of any apparent or declared reasons—such as undue delay, ... repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

    In relation to Byrne, Kitchen wishes to allege newly discovered facts in an amended complaint. Byrne counters by arguing that his dismissal from the case should be treated as an final adjudication on the merits and, therefore, with prejudice. However, as Kitchen rightly points out, in an action involving more than one claim or more than one party, a judgment as to "one or more, but fewer than all, claims or parties" is not final unless the court makes an "express determination" that it is so. Fed. R. Civ. P. 54(b); *see also Granack v. Continental Cas. Co.*, 977 F.2d 1143, 1144 (7th Cir. 1992). I made no such express determination in dismissing Byrne from the complaint, and allowing Kitchen to amend his complaint, even as to Byrne, would not be improper. In fact, because Kitchen recently discovered the new facts he now proposes to add to his complaint, allowing amendment is appropriate.

    As to Lukanich, Kitchen seeks to cure defects in his original complaint and establish, according to plaintiff, that defendant was serving an investigative rather than a prosecutorial role in taking plaintiff's statement. Lukanich argues, primarily, that the proposed amendment would be futile. Amending a complaint is futile where "the amended complaint would not survive dismissal." *Wells Fargo Bank, Nat. Ass'n v. Lake of the Torches Economic Development Corp.*, --- F.3d ----, 2011 WL 3890518, at *15, 2011 U.S. App.

**STATEMENT**

LEXIS 18484, at *47 (7th Cir. 2011).

My prior decision to dismiss Lukanich from the complaint, and the subsequent denial of Kitchen's motion to reconsider, was based solely on the allegations in the complaint. I relied, in part, on the fact that the original complaint only alleged that Lukanich took Kitchen's statement and did not allege that Lukanich heard any of Kitchen's cries, saw evidence of torture, or otherwise knew that Plaintiff was being tortured. *See* Dkts. 141, 169. Kitchen proposes to amend his complaint to allege (1) that Lukanich was called to the station in order to assist the police in coercing Kitchen to give a written statement, and (2) that Lukanich knew plaintiff was being abused from hearing his screams and observing his appearance. At the pleading stage, it is not at all clear that such allegations would necessarily require dismissal. Drawing reasonable inferences in favor of Kitchen, these allegations suggest that Lukanich may have acted in an investigative capacity and that he is not entitled to absolute immunity. Allowing Kitchen to amend his complaint, therefore, is not futile.

For the reasons discussed above, Kitchen's motion seeking leave to amend his complaint is granted.