IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD KITCHEN, | ) | |
|     Plaintiff, | ) | No. 10 C 4093 |
| | ) | |
|     v. | ) | Hon. Elaine E. Bucklo |
| | ) | |
| JON BURGE, *et al.*, | ) | Mag. Judge Maria Valdez |
|     Defendants. | ) | |

### POLICE OFFICER DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL AND MOTION FOR DISCOVERY SANCTIONS UNDER F.R.C.P 37(C)(1)

Defendants Michael Kill, Thomas Byron, John Byrne, and John Smith ("Police Officer Defendants"), by and through their undersigned attorneys, submit this response to Plaintiff's motion for leave to file documents under seal and move for discovery sanctions under F.R.C.P. 37(c)(1). In support of their response and motion, Police Officer Defendants state:

    1.    Police Officer Defendants seek to modify Plaintiff's request to file eleven cherry-picked documents under seal for in camera review to help resolve the parties' privilege dispute over documents created by Medill journalism students.

    2.    Police Officer Defendants assume that these eleven handpicked documents (of over 100 disputed documents) were the most favorable to Plaintiff's assertions of privilege. Moreover, three of the eleven documents were withheld from production by Plaintiff and were not even disclosed in Plaintiff's privilege log. That is, Defendants first received notice of the existence of the documents disclosed at 3(b), 3(c), and 3(k) of Plaintiff's motion to file documents under seal when Defendants received Plaintiff's motion, even though this Court ordered Plaintiff to produce a privilege log over four months ago. Further, the documents identified at 3(e)-3(h) of Plaintiff's motion may relate to multiple entries with the same title in

1

Plaintiff's privilege log. Plaintiff therefore should be required to identify, with specificity, the documents he refers to at 3(e)-3(h) of his motion.

3. Defendants request that Plaintiff be required to submit all disputed documents to this Court for a full in camera review. *Am. Nat'l Bank & Tr. Co. v. Equitable Life Assur. Soc.,*. 406 F.3d 867, 880 (7th Cir. 2005) (citing *United States v. Tratner,* 511 F.2d 248, 252 (7th Cir. 1975) ("'The responsibility of determining whether the privilege exists rests upon the District Judge and not upon the lawyer whose client claims the privilege.' Where this evidence may be presented only by revealing the very information sought to be protected by the privilege, an *in camera* inspection of the evidence may be appropriate."). A full in camera review of the disputed documents would ensure a balanced assessment of Plaintiff's claim of privilege over the disputed documents. *See Kerr v. United States Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 405 (1976) ("[A]n in camera review of the documents is a relatively costless and eminently worthwhile method to insure that the balance between petitioners' claims of . . . privilege and plaintiffs' asserted need for the documents is correctly struck.").

4. This Court should also refuse review of documents 3(b), 3(c), and 3(k) since Plaintiff failed to disclose them on his privilege log. Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *Hard Surface Solutions, Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 616 (N.D. Ill. 2010).

5. Alternatively, the Court should find that Plaintiff has waived his claim of privilege over documents 3(b), 3(c), and 3(k). In deciding whether waiver is appropriate,"[m]inor procedural violations, good faith attempts at compliance, and other such

2

mitigating circumstances militate against finding waiver" while "evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver." *Romary Assocs., Inc. v. Kibbi LLC,* 2011 WL 4005346, at *3 (N.D. Ind. 2011) (citations omitted). The Seventh Circuit Court of Appeals has instructed district courts to consider four factors when deciding whether to sanction discovery violations: (1) the prejudice or surprise to the party against whom the evidence is being offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Judson Atkinson Candies, Inc. v. LatiniHohberger Dhimantec,* 529 F.3d 371, 386 (7th Cir. 2008).

6. Defendants have been prejudiced by Plaintiff's willful withholding of these three documents. First, Plaintiff offers these documents to support his claims that there was a "special" relationship between Protess, Plaintiff's post conviction counsel, and the Medill students and that the Medill students were at Cunningham's "direction." Defendants were unaware of the existence of these documents until they received Plaintiff's motion to file documents under seal on December 15, 2011. Despite being compelled to produce the privilege log over four months ago, Plaintiff failed to disclose the documents and made no attempt to cure his defective privilege log. Now, only when Plaintiff needs the documents does he alert the Court and Defendants to the existence of the documents. Plaintiff's calculated conduct begs the question: How many more undisclosed documents lay in wait until Plaintiff wants to put them into play?

7. Plaintiff has acted willfully and in bad faith by withholding information concerning these material documents and by withholding production of the actual documents. Defendant Officers requested Plaintiff to produce any and all documents, including but not

3

limited to memoranda, letters, facsimiles, emails, voicemail notes, and internal policies, etc., supporting Plaintiff's assertion that the MIP students were acting "pursuant to a collaborative arrangement between Protess and Richard Cunningham" in their October 26, 2011 letter. (*See* Dkt. No. 253-4 at Ex. 20). Defendant Officers further requested Plaintiff to produce any and all documents supporting his contention that the "students undertook specific investigative tasks in response to requests from Mr. Cunningham." (*Id.*). Plaintiff ignored Defendant Officers' requests. Plaintiff has no plausible excuse for his conduct because, as evidenced by Plaintiff's disclosure of the 94 other memoranda and other related correspondence exchanged between Plaintiff's counsel and MIP, there was no question about what Plaintiff needed to disclose in his privilege log. Information concerning these important material documents should have been disclosed *prior* to Defendant Officers' motion to compel.

8. Plaintiff's withholding of these three documents has hindered Defendants in making a full assessment of their arguments in their motion to compel. It is unjust to allow Plaintiff to benefit from this discovery misconduct. Thus, Police Officer Defendants request Plaintiff be subject to discovery sanctions.

9. Defendant Officers also should be granted reasonable expenses, including attorney's fees, associated with bringing this motion.

WHEREFORE, Police Officers Defendants respectfully request that this Court:

    a. Order Plaintiff to submit all disputed documents identified in Defendant Officers' motion to compel for a full in camera review by this Court;

    b. Refuse review of documents 3(b), 3(c) and 3(k);

    c. Order unredacted production of documents 3(b), 3(c) and 3(k) to Police Officer Defendants;

d. Order Plaintiff to identify with specificity what documents Plaintiff is referring to in 3(e) - 3(h) of his motion to file documents under seal;

e. Order Plaintiff to pay the expenses incurred by Defendants in bringing this motion for sanctions, including attorneys fees, as provided by Federal Rule of Civil Procedure 37(a)(5); and

f. Grant any other relief the Court deems appropriate.

Respectfully submitted,

s/Christina M. Liu

Andrew M. Hale
Avi T. Kamionski
Christina M. Liu
James T. McGovern
S. Ann Walls
Andrew M. Hale & Associates, LLC
53 West Jackson Boulevard, Suite 1800
Chicago, Illinois 60604
(312) 341-9646