```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

**RONALD KITCHEN,**               )
                                  )
    Plaintiff,                )
                                  )
  v.                              )
                                  )   No. 10 C 4093
**JON BURGE, et al.,**            )
                                  )
    Defendants.               )
                                  )
                                  )

<u>**MEMORANDUM OPINION AND ORDER**</u>

This case arises out of the arrest and interrogation of plaintiff Ronald Kitchen, who claims that his conviction, death sentence, and twenty-one year incarceration were the product of a confession that Chicago Police officers obtained from him through torture. In his First Amended Complaint ("FAC"), plaintiff asserts, *inter alia*, constitutional claims pursuant to 42 U.S.C. § 1983 as well as various state law claims against individual defendants, the City of Chicago, Cook County, and the Cook County State's Attorney's Office. Currently before me is a motion by Defendants Cook County Assistant State's Attorney Mark Lukanich and Cook County to dismiss all claims against them. For the following reasons, I deny defendants' motion in part and grant it in part.

                      I.   Background

On April 19, 2011, I dismissed the claims asserted against these defendants in plaintiffs' original complaint, concluding that because the only conduct attributed to ASA Lukanich fell within the scope of his prosecutorial function, he was entitled to prosecutorial immunity. I denied plaintiff's motion to reconsider that decision, explaining that the allegations in the complaint were insufficient to allege ASA Lukanich's knowledge and participation in the coercion of plaintiff's confession.

Because I presume familiarity with my April 19, 2011, opinion, which set forth the allegations of the original complaint in significant detail, I now focus, in the context of analyzing the parties' competing arguments, on the factual material alleged for the first time in the FAC.

## II. Analysis

Defendants assert three bases for dismissal. First, defendants argue that all of plaintiff's claims against ASA Lukanich are barred by prosecutorial immunity. Second, defendants contend that ASA Lukanich is entitled to qualified immunity. Finally, defendants argue that the Illinois Court of Claims has exclusive jurisdiction over plaintiff's state law claims against ASA Lukanich.

### A. Prosecutorial Immunity

Defendants claim that ASA Lukanich is entitled to prosecutorial immunity because all of his alleged conduct falls

within his role as a prosecutor. It is well-settled that "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). The Seventh Circuit has stated that the appropriate inquiry is focused on the function the prosecutor is performing at the relevant time. *Houston v. Partee*, 978 F.2d 362, 366 (7th Cir. 1992) ("We do not decide whether a *prosecutor* is entitled to absolute immunity; we decide whether a prosecutor *performing a particular function* is entitled to absolute immunity.") (emphasis in original). Therefore, the relevant question is what function ASA Lukanich was performing when he engaged in the conduct alleged by plaintiff.

In his FAC, Kitchen makes two significant, new allegations regarding ASA Lukanich's involvement in plaintiff's interrogation and confession. First, Kitchen alleges that ASA Lukanich was called to the station to assist police in coercing Kitchen to make a statement, before Kitchen had admitted to any involvement in the crime for which he had been arrested. (FAC ¶ 42.) Second, Kitchen alleges facts to support his claim that ASA Lukanich knew Kitchen was being tortured, that he participated in the process of coercion that ultimately resulted in Kitchen's involuntary statement, and that he later suppressed evidence of

torture. Specifically, Kitchen's FAC adds these factual allegations: (1) that while ASA Lukanich was at Area Three and in the vicinity of the interrogation rooms, Kitchen screamed out in pain multiple times such that ASA Lukanich could hear, and (2) that when ASA Lukanich twice entered the interrogation room he could observe Kitchen's appearance, which showed clear signs of abuse. (FAC ¶ 45.)

Defendants argue that these new factual allegations add nothing to Kitchen's claims and that ASA Lukanich is still entitled to absolute prosecutorial immunity. Defendants insist that the FAC continues to allege only that ASA Lukanich took Kitchen's statement after his arrest. However, as Kitchen has argued, the facts alleged in the FAC, if true, plausibly show that ASA Lukanich was aware of Kitchen's tortured interrogation and knowingly obtained a coerced and involuntary confession.

Defendants rely on *Hunt v. Jaglowski*, 926 F.2d 689 (7th Cir. 1991), for the proposition that taking a suspect's statement after the suspect informs the ASA that he has been beaten and coerced into confessing falls within the ASA's role as a prosecutor. But *Hunt* does not help defendants' argument. Not only was *Hunt* decided on appeal from an order granting a directed verdict after a jury trial, but defendants' presentation of the facts in that case is inaccurate. In *Hunt*, the Seventh Circuit found that the plaintiff had testified that he had no contact

4

with the ASA defendant until after he had confessed to the police. 926 F.3d at 693. In addition, the Seventh Circuit found that "[t]he police had conducted the investigation of [the] case, as was their function, before [the ASA] was called." *Id.* Here, by contrast, Kitchen alleges that ASA Lukanich was called to the station during the police investigation and that Kitchen had denied any involvement with the murders at the time ASA Lukanich was first brought into the interrogation room.

    Defendants also cite *Andrews v. Burge*, 660 F.Supp.2d 868 (N.D.Ill. 2009). However, that case does not involve the key issue here, namely, specific allegations to support a claim that the ASA knew torture was being used to coerce a confession. In fact, in *Andrews*, Judge Zagel found that the only "crucial allegation" against the ASA defendant was that the ASA "was at Area Two and witnessed Andrews refuse to make a confession." 660 F.Supp.2d at 877. In *Andrews*, the plaintiff relied on an ambiguous statement made by the ASA defendant during an aborted confession. *Id.* Judge Zagel noted an absence of factual allegations to support a claim that the ASA defendant knew that the plaintiff was being physically abused. *Id.* at 877-78. Here, by contrast, Kitchen has alleged facts that, taken as true, plausibly show that ASA Lukanich knowingly participated in obtaining a coerced confession.

5

The facts alleged in the FAC are more akin to those discussed in *Tillman v. Burge*, No. 10 C 4551, 2011 WL 2975671, 2011 U.S. Dist. LEXIS 79320 (N.D.Ill. July 20, 2011) (Pallmeyer, J.). In *Tillman*, Judge Pallmeyer held that an ASA defendant was not entitled to prosecutorial immunity where the ASA defendant was present at the station during the interrogation and was alleged to have known that plaintiff was being tortured. 2011 WL 2975671, at *13, 2011 U.S. Dist. LEXIS 79320, at *42. Such personal involvement in an interrogation, Judge Pallmeyer concluded, put the ASA defendant's conduct "outside the scope of a prosecutorial function, and is therefore enough to survive an absolute immunity challenge." 2011 WL 2975671, at *13, 2011 U.S. Dist. LEXIS 79320, at *44.

Further, as Judge Pallmeyer pointed out in *Tillman*, whether prosecutorial immunity attaches depends on whether the defendant was serving in a prosecutorial or investigative role at the time the defendant learned of the allegedly exculpatory evidence. *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)). I agree with the reasoning of *Tillman*, and conclude that on defendants' motion to dismiss, ASA Lukanich is not entitled to prosecutorial immunity on claims that ASA Lukanich participated in Kitchen's allegedly tortured confession and subsequent suppressed evidence related to that tortured confession. ASA Lukanich's alleged role in Kitchen's

6

interrogation and confession was investigatory rather than prosecutorial, as was his suppression of evidence of torture.

In addition to arguing that ASA Lukanich's immunity from suit does not extend to his station house conduct, plaintiff asserts that ASA Lukanich's pre-trial suppression of evidence that the Willie Williams story was fabricated was likewise outside the scope of his immunity. Kitchen concedes that he is not attempting to revive his claim that Lukanich is subject to suit for his role in fabricating the Williams evidence. (Pl.'s Resp. to Defs.' Br. at 3.) Yet, Kitchen's strained distinction between fabrication of the evidence and suppression of the fabrication fails to explain how the failure to disclose concededly prosecutorial activities can be considered investigatory conduct. Accordingly, I conclude that the FAC alleges some conduct that is outside the scope of prosecutorial immunity, but I decline to revisit my previous determination that ASA Lukanich's involvement in the Williams evidence is covered by prosecutorial immunity.

As defendants noted, I have previously ruled that the Illinois and federal doctrines of prosecutorial immunity are coterminous. Because I have determined that ASA Lukanich is not entitled to prosecutorial immunity on Kitchen's federal claims based on ASA Lukanich's involvement in Kitchen's interrogation and confession, ASA Lukanich is not entitled to prosecutorial

immunity on Kitchen's similar state law claims based on the same conduct.  Accordingly, ASA Lukanich is not entitled to prosecutorial immunity on Kitchen's state law claims for conspiracy (Count X) and intentional infliction of emotional distress (Count IX) to the extent that these claims incorporate ASA Lukanich's non-prosecutorial conduct.[1]  However, Kitchen's state law claim for malicious prosecution (Count VIII) against ASA Lukanich is dismissed.  In his state law claim for malicious prosecution against ASA Lukanich, Kitchen alleges that ASA Lukanich initiated a malicious prosecution without probable cause and continued that prosecution without probable cause.  (FAC ¶ 149.)  Initiating a prosecution and presenting the State's case are prosecutorial acts and are barred from suit by absolute prosecutorial immunity.  *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *see also Tillman*, 2011 WL 2975671, at *27, 2011 U.S. Dist. LEXIS 79320, at *84 (dismissing state law claim for malicious prosecution against ASA defendant who was otherwise not entitled to prosecutorial immunity).

    B.  Qualified Immunity

    Defendants contend that ASA Lukanich is entitled to qualified immunity in connection with plaintiff's confession.  In determining whether a public official is protected by qualified

---

[1] Kitchen's state law claims for false arrest and false imprisonment were previously dismissed as untimely.

immunity, courts must consider "whether a constitutional right has been violated," and "whether the right was clearly established at the time the official acted." *Baird v. Renbarger*, 576 F.3d 340, 344 (7th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). The Supreme Court has recently reiterated that the second prong of this two-part test looks at whether, "at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, --- U.S. ----, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

Defendants argue that ASA Lukanich is entitled to qualified immunity on Kitchen's *Brady* claim stemming from the allegedly coerced confession because Kitchen cannot maintain a *Brady* claim related to the circumstances surrounding his own statement. Because Kitchen was present for his own allegedly coercive interrogation, defendants argue, Kitchen cannot bring a *Brady* claim alleging that defendants failed to disclose exculpatory information, of which Kitchen was necessarily aware. However, Kitchen's claim goes beyond merely alleging that ASA Lukanich failed to communicate and testify truthfully about the circumstances of Kitchen's interrogation and confession.

9

Specifically, Kitchen has alleged that ASA Lukanich, along with other defendants, are liable for "suppressing, destroying and preventing the discovery and development of additional exculpatory torture findings and evidence, including but not limited to, the instruments of torture, as well as other exculpatory evidence; ... suppressing and attempting to discredit findings of individual and systematic torture and abuse." (FAC ¶ 116.) These claims allege more than what Kitchen could have known from his own presence at his allegedly tortured interrogation and confession.

Further, defendants ignore the recent case law of this district in factually similar cases. The courts of this district have repeatedly held that *Gauger v. Hendle*, 349 F.3d 354 (7th Cir. 2003), does not cut off a plaintiff's claim where the defendants are accused of "obstructing justice and violating [the plaintiff's] right to a fair trial through actions they took outside the interrogation room." *Patterson v. Burge*, 328 F.Supp.2d 878, 889 (N.D.Ill. 2004) (Gottschall, J.); *see also Tillman*, 2011 WL 2975671, at *9, 2011 U.S. Dist. LEXIS 79320, at *30 (finding that *Gauger* did not bar the plaintiff's *Brady* claim where the "allegations relate to circumstances that substantially exceed what [the plaintiff] was aware of based on his presence at the interrogation"); *Cannon v. Burge*, No. 05 C 2192, 2006 WL 273544, *12, 2006 U.S. Dist. LEXIS 4040, *40-41 (N.D.Ill. Feb. 2,

2006) (St. Eve, J.) ("Plaintiff's knowledge of what transpired in the interrogation room does not relieve [the defendants] of their obligation under *Brady* to disclose exculpatory evidence regarding what transpired outside the interrogation room, or preclude the Court from finding the existence of a *Brady* violation"); *Orange v. Burge*, No. 04 C 0168, 2005 WL 742641, *11, 2005 U.S. Dist. LEXIS 7234, *35 (N.D.Ill. March 30, 2005) (Holderman, J.) (recognizing a viable *Brady* claim where "defendants allegedly caused [the plaintiff] to experience an unfair trial through their false testimony and other acts taken to cover up the torture obtained confession from [the plaintiff]"). Because Kitchen has stated a viable *Brady* claim against ASA Lukanich, and ASA Lukanich has not cited any other grounds for why he is entitled to qualified immunity, I find that defendant is not entitled to qualified immunity on Kitchen's claim that ASA Lukanich suppressed evidence of torture.

    C.  State Law Sovereign Immunity

Defendants argue that the Illinois Court of Claims has exclusive jurisdiction over state law claims against ASA Lukanich. In Illinois, state law sovereign immunity is established by the Illinois Court of Claims Act. 705 ILCS 5/1. Illinois law "provide[s] that the Court of Claims has the 'exclusive jurisdiction to hear and determine ... [a]ll claims against the State for damages in cases sounding in tort, if a

11

like cause of action would lie against a private person or corporation in a civil suit.'" *Price v. Illinois*, 354 Ill. App. 3d 90, 92 (1st Dist. 2004) (quoting 705 ILCS 505/8(d) (West 1994)). "[A]n action is against the state when there are: (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within the employee's normal and official functions of the State." *Jinkins v. Lee*, 209 Ill.2d 320, 330 (Ill. 2004) (citations and internal quotation marks omitted). Therefore, "[s]overeign immunity affords no protection ... when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority." *Healy v. Vaupel*, 133 Ill.2d 295, 308 (Ill. 1990) (citations omitted).

Defendants rely primarily on *White v. City of Chicago*, 369 Ill. App. 3d 765 (1st Dist. 2006), which held that attorneys from the State's Attorney's Office, who were found to be acting within their prosecutorial role, were entitled to state sovereign immunity. In this case, by contrast, ASA Lukanich is alleged to have knowingly condoned Kitchen's tortured interrogation and coerced confession and to have suppressed evidence related to Kitchen's torture. These acts, if proven, are unconstitutional

12

and in excess of ASA Lukanich's authority, and remove him from the ambit of state law sovereign immunity. *See, e.g.*, *Cannon*, 2006 WL 273544, *17, 2006 U.S. Dist. LEXIS 4040, *61 (finding that similar allegations against state's attorney were "sufficient to establish that [the defendant] acted in excess of his authority and in violation of applicable laws such that the Illinois Court of Claims does not have exclusive jurisdiction over Plaintiff's state law tort claims"); *Orange*, 2005 WL 742641, *18, 2005 U.S. Dist. LEXIS 7234, *53 (finding no state sovereign immunity where, under similar allegations, the defendants' actions were "clearly outside their authority as state's attorneys" and "deprived [the plaintiff] of various constitutional rights"). For these reasons, the Illinois Court of Claims does not have exclusive jurisdiction over Kitchen's state law claims against ASA Lukanich.

### III.

For the foregoing reasons, defendants' motion to dismiss the FAC is denied in part and granted in part. As to Kitchen's federal claims against ASA Lukanich, the motion is denied. The motion is granted as to Kitchen's state law claim for malicious prosecution against ASA Lukanich, but is denied as to Kitchen's remaining state law claims against ASA Lukanich.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 1, 2012