Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Maria Valdez |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4093 | **DATE** | 2/15/2012 |
| **CASE TITLE** | Kitchen vs. Burge, et al | | |

**DOCKET ENTRY TEXT**

Defendant Officers' Motion to Establish Priority for Taking Depositions of Third Party Witness Willie Williams [258] will be denied.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is Defendant Officers' Motion to Establish Priority for Taking Depositions of Third Party Witness Willie Williams. [Doc. No. 258.] In the motion, Defendants ask this Court to issue an order setting forth a priority of deposition so that the deposition of third party witness Willie Williams occurs prior to the deposition of Mr. Williams by the Plaintiffs. Plaintiffs have objected.

Mr. Williams is a third party who provided some information to the police in the criminal investigation that lead to the underlying conviction of Mr. Kitchen. The information Mr. Williams provided "played a part in securing Plaintiff's criminal convictions." (Defs.' Reply at 3.) This conviction is clearly related to the underlying facts of this case. According to the pleadings, Mr. Williams was first subpoenaed by the Defendants on June 7 for a deposition to occur on June 16. Plaintiffs argue that this subpoena was improper under the agreed-to discovery schedule – Phase I of discovery to be completed on June 30 was to only include the parties' depositions. Plaintiffs advised Defendants that the deposition violated the discovery plan. According to the Defendants, Plaintiff requested that the deposition be continued to a time during Phase II of discovery, a request the Defendants say they agreed to honor. Defendants also assert that the Plaintiff did not object to the subpoena itself, but only to the time for deposition. Plaintiffs disagree with Defendants' characterization of their silence. Defendants now seek to have Mr. Williams deposed before the Plaintiff's deposition of Mr. Williams.

Under Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope and sequence of discovery. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). In so doing, the courts have extremely broad discretion in controlling discovery. *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002). The Court must use its discretion to ensure that technically proper discovery does not impose oppression or undue burden or expense. *Nixon v. Haag,* No. 08–CV-00648–LJM–JMS, 2009 WL 2026343, at *2 (S.D. Ind. 2009).

**STATEMENT**

Plaintiff argues that their deposition of Williams should go first because they are "the party who stands to be hurt by the witness's testimony" they "should have the advantage of questioning first." (Pl.'s Resp. at 4.) Defendants counter that Williams is not a witness over whom they have control, although they do acknowledge that he has provided information to the police investigation that related to the Plaintiff's underlying conviction. (Defs.' Reply at 3.)

Under the amendments to Fed. R. Civ. P. 26(d), there is no longer any fixed rule of priority for discovery scheduling – no first come, first served rule applies. *United States v. Bartesch*, 110 F.R.D. 128 (N.D. Ill. 1986). Generally, in order to foster cooperation among counsel, the Court would expect that the party who serves notice first gets to have that notice complied with by all. Here, however, the Defendants served a subpoena on Williams during Phase I of discovery when all parties agreed to take the depositions of the parties only. As a result, the Defendants were not really the first in line for Williams because their subpoena was premature. On the other hand, Plaintiff's argument for taking Williams deposition before Defendants – that he should be able to question an adverse witness first – does not automatically yield a finding of priority.

But, someone must go first. Therefore, the Court will exercise its discretion and control the sequence and timing of the Williams discovery "in the interests of justice." Fed. R. Civ. P, 26(d)(2). After careful consideration of the facts and the procedural history, I find that the balance of the equities tip slightly in the Plaintiff's favor given Mr. Williams' role in the underlying conviction. The Plaintiff may conduct the first examination of Mr. Williams.

Defendant Officers' Motion to Establish Priority for Taking Depositions of Third Party Witness Willie Williams [Doc. No. 258] will be denied.